Stephen M. Doniger, Esq. (SBN 179314)
stephen@donigerlawfirm.com
Scott A. Burroughs, Esq. (SBN 235718)
scott@donigerlawfirm.com
Trevor W. Barrett (SBN 287174)
tbarrett@donigerlawfirm.com
DONIGER / BURROUGHS
603 Rose Avenue
Venice, California 90291
Telephone: (310) 590-1820

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NOVELTY TEXTILE, INC., a California Corporation,<br><br>Plaintiff,<br><br>v.<br><br>U.S. TOPS, a Florida Corporation; TIMOTHY MARCIANO GRANT, a New Jersey Corporation, individually and doing business as BLACKMARKET APPAREL & DESIGN; CALWELL CORP., a California Corporation; DIVA, a California Corporation; SHASA USA LLC, a California Corporation; and DOES 1-10,<br><br>Defendants. | Case No.:<br><br>PLAINTIFF'S COMPLAINT FOR:<br><br>1. COPYRIGHT INFRINGEMENT;<br><br>2. VICARIOUS AND/OR CONTRIBUTORY COPYRIGHT INFRINGEMENT<br><br>Jury Trial Demanded |

NOVELTY TEXTILE, INC., by and through its undersigned attorneys, hereby prays to this honorable Court for relief based on the following:

1
COMPLAINT

## JURISDICTION AND VENUE

1. This action arises under the Copyright Act of 1976, Title 17 U.S.C., §§ 101, *et seq*.

2. This Court has federal question jurisdiction under 28 U.S.C. §§ 1331 and 1338 (a) and (b).

3. Venue in this judicial district is proper under 28 U.S.C. §§ 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## PARTIES

4. Plaintiff NOVELTY TEXTILE, INC. is a corporation organized and existing under the laws of the State of California with its principal place of business located at 2944 East 44th Street, Vernon, CA 90058.

5. Plaintiff is informed and believes and thereon alleges that Defendant U.S. TOPS ("U.S TOPS") is a corporation organized and existing under the laws of the State of Florida, with its principal place of business at 7795 W. Flagler Street, #31, Miami, FL 33144.

6. Plaintiff is informed and believes and thereon alleges that Defendant TIMOTHY MARCIANO GRANT, individually and doing business as BLACKMARKET APPAREL & DESIGN (collectively, "BLACKMARKET"), is a corporation organized and existing under the laws of the State of New Jersey with its principal place of business at 50 State Street, Suite #2, Bloomfield, NJ 07003, and is doing business in and with the State of California.

7. Plaintiff is informed and believes and thereon alleges that Defendant CALWELL CORP. ("CALWELL") is a corporation organized and existing under the laws of the State of California with its principal place of business at 4621 Littlejohn Avenue, Baldwin Park, CA 91706.

8. Plaintiff is informed and believes and thereon alleges that Defendant DIVA ("DIVA") is a corporation organized and existing under the laws of the State of California with its principal place of business at 1100 S. San Pedro Street, C-10, Los Angeles, CA 90015.

9. Plaintiff is informed and believes and thereon alleges that Defendant SHASA USA LLC ("SHASA") is a corporation organized and existing under the laws of the State of California with its principal place of business at 2827 S. Santa Fe Avenue, Vernon, CA 90058.

10. Plaintiff is informed and believes and thereon alleges that Defendant DOES 1-10, inclusive, is a manufacturer, and/or a vendor (and/or agent or employee to a manufacturer or vendor) of garments to Defendant, which DOE Defendants have manufactured and/or supplied and are manufacturing and/or supplying fabrics and other product printed with Plaintiff's copyrighted designs (as hereinafter defined) without Plaintiff's knowledge or consent or have contributed to said infringement. The true names, whether corporate, individual or otherwise of Defendants DOES 1-10, inclusive, are presently unknown to Plaintiff, which therefore sues said Defendants by such fictitious names and will seek leave to amend this complaint to show their true names and capacities when same have been ascertained.

11. Defendants DOES 1 through 10, inclusive, are other parties not yet identified who have infringed Plaintiff's copyrights, have contributed to the infringement of Plaintiff's copyrights, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual or otherwise, of Defendants 1 through 10, inclusive, are presently unknown to Plaintiff, which therefore sues said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

12. Plaintiff is informed and believes and thereon alleges that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and adopted, or both, each and all of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each and every violation of Plaintiff's rights and the damages to Plaintiff proximately caused thereby.

## CLAIMS RELATED TO DESIGN NO. 1737

13. Plaintiff owns an original two-dimensional artwork used for purposes of textile printing entitled 1737 (the "Subject Design"). The Subject Design is an original work of authorship and is, and at all relevant times was, owned in exclusivity by Plaintiff.

SUBJECT DESIGN



14. Plaintiff applied for and received a United States Copyright Registration for the Subject Design prior to the commencement of this Action.

15. Prior to the acts complained of herein, Plaintiff widely disseminated fabric bearing the Subject Design to numerous parties in the fashion and apparel industries.

16. Plaintiff is informed and believes and thereon alleges that, following this distribution of fabric bearing the Subject Design and without Plaintiff's authorization, Defendants manufactured, distributed, and/or sold fabric and/or garments comprised of fabric featuring a design which is identical or substantially similar to the Subject Design (the "Subject Product"), including but not limited to:

    a. Garments sold by U.S. TOPS under Style No. CTLG120BS. Plaintiff is informed and believes, and thereon alleges that BLACKMARKET and/or DIVA supplied such garments to U.S. TOPS. Such Subject Product bore the label "Diva Appared" and RN No. 115082, indicating that such garments were manufactured by, caused to be manufactured by, or supplied by CALWELL to BLACKMARKET, DIVA, and/or DOE Defendant(s). Below are true and correct images of an exemplar of such Subject Product and its tags. It is apparent that the elements, composition, arrangement, layout, and appearance of the designs at issue are identical or substantially similar:

///

## U.S. TOPS SUBJECT PRODUCT EXEMPLAR



b. Garments sold by SHASA under Style No. CTLG120. Plaintiff is informed and believes, and thereon alleges that DIVA supplied such garments to SHASA. Such Subject Product bore RN No. 115082, indicating that such garments were manufactured by, caused to be manufactured by, or supplied by CALWELL to DIVA and DOE Defendant(s). Below are true and correct images of an exemplar of such Subject Product and its tags. It is apparent that the elements, composition, arrangement, layout, and appearance of the designs at issue are identical or substantially similar:

///

6
COMPLAINT

### SHASA SUBJECT PRODUCT EXEMPLAR

 

### FIRST CLAIM FOR RELIEF

(For Copyright Infringement - Against All Defendants)

1. Plaintiff repeats, re-alleges and incorporates herein by reference as though fully set forth the allegations contained in the preceding paragraphs of this Complaint.

2. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, had access to the Subject Design, including, without limitation, through (a) access to Plaintiff's showroom and/or design library; (b) access to illegally distributed copies of the Subject Design by third-party vendors and/or DOE Defendants, including without limitation international and/or overseas converters and printing mills; (c) access to Plaintiff's strike-offs and samples, and (d) access to garments manufactured with fabric lawfully printed through Plaintiff.

3. Plaintiff is informed and believes and thereon alleges that one or more of the Defendants manufactures garments and/or is a garment vendor. Plaintiff is further informed and believes and thereon alleges that said Defendant(s) has an ongoing business relationship with Defendant retailer, and each of them, and supplied garments to said retailer, which garments infringed the Subject Design in that said garments were composed of fabric which featured an unauthorized print design that was identical or substantially similar to the Subject Design.

4. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, infringed Plaintiff's copyright by creating, making and/or developing directly infringing and/or derivative works from the Subject Design and by producing, distributing and/or selling garments which infringe the Subject Design through a network of retail stores and on-line outlets.

5. Due to Defendants' acts of infringement, Plaintiff has suffered substantial damages to its business in an amount to be established at trial.

6. Due to Defendants' acts of infringement, Plaintiff has suffered general and special damages in an amount to be established at trial.

7. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of the Subject Design. As such, Plaintiff is entitled to disgorgement of Defendant's profits directly and indirectly attributable to Defendant's infringement of the Subject Design in an amount to be established at trial.

///

## SECOND CLAIM FOR RELIEF

(For Vicarious and/or Contributory Copyright Infringement - Against All Defendants)

8. Plaintiff repeats, realleges and incorporates herein by reference as though fully set forth the allegations contained in the preceding paragraphs of this Complaint.

9. Plaintiff is informed and believes and thereon alleges that Defendants knowingly induced, participated in, aided and abetted in and profited from the illegal reproduction and/or subsequent sales of product featuring the Subject Design as alleged hereinabove.

10. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, are vicariously liable for the infringement alleged herein because they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct.

11. By reason of the Defendants', and each of their, acts of contributory and vicarious infringement as alleged above, Plaintiff has suffered and will continue to suffer substantial damages to its business in an amount to be established at trial, as well as additional general and special damages in an amount to be established at trial.

12. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of the Subject Design. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of the Subject Design, in an amount to be established at trial.

///

# PRAYER FOR RELIEF

Wherefore, Plaintiff prays for judgment as follows:

### *Against All Defendants*

1. <u>With Respect to Each Claim for Relief</u>
    a. That Defendants, their agents and employees be enjoined from infringing Plaintiff's copyrights in any manner, specifically those for the Subject Design;
    b. That Plaintiff be awarded all profits of Defendants plus all losses of Plaintiff, plus any other monetary advantage gained by the Defendants through their infringement, the exact sum to be proven at the time of trial, or, if elected before final judgment, statutory damages as available under the Copyright Act, 17 U.S.C. §§ 101, *et seq.*;
    c. That Plaintiff be awarded its attorneys' fees as available under the Copyright Act U.S.C. §§ 101, *et seq.*;
    d. That Plaintiff be awarded pre-judgment interest as allowed by law;
    e. That Plaintiff be awarded the costs of this action; and
    f. That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

A <u>TRIAL BY JURY</u> PURSUANT TO FED. R. CIV. P. 38 AND CONSTITUTIONAL AMENDMENT SEVEN IS HEREBY DEMANDED.

Dated: March 26, 2015                                    DONIGER / BURROUGHS

By:   */s/ Scott A. Burroughs*
       Scott A. Burroughs, Esq.
       Trevor W. Barrett, Esq.
       Attorney for Plaintiff
       Novelty Textile, Inc.